IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


CANDACE B. LASTER,
          Petitioner,

vs.                                                          Case No.:  3:07cv37/MCR/EMT

JAMES R. McDONOUGH,
          Respondent.
_____/

## SUPPLEMENT TO REPORT AND RECOMMENDATION

On October 22, 2007, the undersigned issued a Report and Recommendation recommending that Petitioner's federal habeas petition, filed pursuant to 28 U.S.C. § 2254, be dismissed as untimely (*see* Doc. 28).  Petitioner filed an objection to the Report and Recommendation and a Notice of Supplemental Evidence (Docs. 29, 30).  Upon review of Petitioner's objection and supplemental evidence, the undersigned concludes that Petitioner's submissions do not change the conclusion that Petitioner's § 2254 petition was untimely, and the basis for this conclusion is set forth in this supplement to the Report and Recommendation.

In Petitioner's objection and supplemental evidence, she states that prior to the evidentiary hearing held on August 31, 2004, in the proceedings on her first petition for belated appeal filed with the Florida First District Court of Appeal (First DCA), she did not know that the issue of whether her trial counsel visited her at the Escambia County Jail (Jail) after her sentencing was relevant to the issue of whether she was entitled to a belated appeal; therefore, prior to that date she had no reason to seek evidence relevant to this issue, namely, visitor records from the Jail (*see* Doc. 30). Petitioner states that after that date, she and her husband requested the visitor records from the Jail, but the Jail denied their requests until October 25, 2005 (*id*.).  Petitioner contends she is entitled to equitable tolling of the federal limitations period from the date her conviction became final to the

date she received the visitor records from the Jail, because the Jail records proved that she was entitled to a belated appeal, and if the state courts had been aware of this evidence, she would have been granted a belated appeal and could have exhausted her federal habeas claims in the state courts (*see* Doc. 28 at 9).

As set forth in the Report and Recommendation, "[e]quitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001). However, equitable tolling is an extraordinary remedy that is applied sparingly; indeed, it is appropriate only "when a movant untimely files because of extraordinary circumstances that are both beyond his control *and* unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also* Wade v. Battle, 379 F.3d 1254, 1264–65 (11th Cir. 2004) (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002) and Sandvik, *supra*). "The focus of the inquiry regarding 'extraordinary circumstances' is 'on the circumstances surrounding the late filing of the habeas petition' and not on the circumstances of the underlying conviction, and whether the conduct of others prevented the petitioner from timely filing." Arthur v. Allen, 452 F.3d 1234, 1253 (11th Cir. 2006) (quoting Helton, 259 F.3d at 1314–15) (citing Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005), *aff'd*, --- U.S. ---, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007)). The burden of establishing entitlement to this extraordinary remedy rests with Petitioner, *see* Wade, *supra*; Drew, *supra*; thus Petitioner's burden is to show extraordinary circumstances that were both beyond her control and unavoidable even with her own exercise of diligence (Doc. 28 at 8–9).

Initially, Petitioner's lack of awareness that the issue of whether her trial counsel visited her at the Jail was relevant to her efforts to obtain a belated appeal does not justify the fact that she allowed two hundred seventy-five (275) days to elapse from the date her conviction became final on December 21, 2002 (*see* Doc. 28 at 5) to September 22, 2003, the date she filed her first Rule 3.850 motion in which she attempted to challenge the legality of her sentence.[1]  Therefore, she has

---

[1]The undersigned already determined that Petitioner's Motion for Modification filed on November 26, 2002 did not toll the federal limitations period (*see* Doc. 28 at 5–6).

failed to establish grounds for equitable tolling for that period.  Furthermore, even if Petitioner was granted tolling from September 22, 2003, to October 25, 2005, her federal petition would still be untimely.  The federal limitations period would not have recommenced on October 25, 2005, because Petitioner is entitled to statutory tolling until November 7, 2005, the date her second Rule 3.850 motion was no longer pending (*see* Doc. 28 at 3).  Fifty-seven (57) days elapsed from November 8, 2005, to January 4, 2006, the date Petitioner filed a state habeas petition.  That petition qualified as a tolling motion under § 2244(d)(2), and it remained pending until May 8, 2006, the date the deadline for appealing the trial court's dismissal of that petition expired (*see id.*).  The federal limitations period recommenced on May 9, 2006, and was not tolled by Petitioner's second petition seeking belated appeal, because the state court dismissed that petition as untimely.  *See* Pace v. DiGuglielmo, 544 U.S. 408, 417, 125 S.Ct. 1807, 1812, 1814 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).") (internal quotation omitted).  Two hundred fifty-five (255) days elapsed from May 9, 2006 to January 19, 2007, the date Petitioner filed the instant § 2254 petition.  Combining this with the previous period of untolled time, it is clear that Petitioner filed her federal petition after the 365-day limitations period expired (275 days + 57 days + 255 days = 587 days).  Accordingly, Petitioner's objection to the Report and Recommendation and supplemental evidence does not change the recommendation of the undersigned that Respondent's motion to dismiss be granted and the § 2254 petition dismissed with prejudice as untimely.

FILED this 5th day of December 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**